### JONES et al. v. BROOKE et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

EJECTMENT—DEFENDANT—MORTGAGEE—FICTITIOUS NAME—SUMMONS—ANSWER.
An action in ejectment was commenced against Richard Roe, real name unknown, with other defendants, and, after an order of the court had been obtained to insert the name of a real person in place of such fictitious name, a summons was served upon such person, but in the name of Rich-

ard Roe. *Held*, that such person, having before the service or such summons assigned a mortgage which he held on the land in question, and thereafter taken a reassignment thereof, was entitled, after answer day named in such summons, to make answer setting up such mortgage, as there was no service upon him, and the substitution of his name for that of Richard Roe did not affect his rights.

Appeal from special term.

Ejectment by John M. Jones and others, executors of Morgan Jones, deceased, against George R. Brooke and others. From an order directing plaintiffs to receive the answer of defendant Brooke after return day of summons, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

Richard T. Greene, for appellants.

R. P. Harlow, for respondents.

INGRAHAM, J. This action was in ejectment to recover possession of certain real estate in the city of New York, and when originally commenced the respondent Brooke was not named as a party defendant. Richard Roe was named as a defendant, with the statement in the title, "the name 'Richard Roe' being fictitious, real name being unknown to plaintiffs." There is no allegation in the complaint which connects the defendant Richard Roe with the owner of the alleged mortgage then held by Brooke, the allegation in the complaint as to Richard Roe being that various named defendants "and Richard Roe, the name 'Richard Roe' being fictitious, real name being unknown to plaintiffs, hold over and continue in the possession of said premises without the permission of the said plaintiffs, after default of the payment of the rent aforesaid." This complaint and summons, which is entitled "A Supplemental Summons and Amended Complaint," was filed on the 9th of August, 1899, and on the same day an order was entered striking from the summons and complaint the name of Richard Roe wherever found, and inserting in place thereof the name of George H. Brooke. On the 31st day of August, 1899, there was served upon the respondent Brooke a copy of what purported to be a supplemental summons and amended complaint, in which Brooke was not named as a defendant, although the order striking out the name Richard Roe and inserting in place thereof Brooke's name had been entered some time prior to such service. At the time the original complaint was filed, Brooke was the owner of a mortgage to secure $250 upon the premises, but prior to the time this paper was served upon him he had transferred the mortgage; and having no interest in the premises, and not being his name referred to in the summons, and not being connected in any way with the case, he considered it unnecessary to take any notice of it. Subsequently this mortgage was reassigned to him, and upon an examination of the proceedings he found that he had been named as a party defendant. He then served a notice of appearance and an answer to the complaint, and, these having been returned by the plaintiffs' attorney, he asked that the plaintiffs' attorney be compelled to accept them.

If Brooke had been made a party defendant, and his name had appeared in the summons and complaint served upon him, as required by the order of August 9, 1899, substituting his name in the place of Richard Roe, so as to make the service upon him a good service of the summons in this action, I should be doubtful whether the order should be allowed to stand, as from the papers there is great doubt as to the good faith of Brooke in seeking to interpose an answer. He, however, has been made a party defendant in place of Richard Roe, but no summons in an action in which he is a party defendant, or in which he is in any way connected, has been served upon him. He therefore stands as a defendant in an action affecting the title to real estate upon which he claims to hold a mortgage, where no summons has been served upon him and where he is not in default. Under such circumstances, Brooke had a right to appear in the action and interpose an answer to the complaint. If the plaintiffs had desired to prevent Brooke from thus appearing, they could have discontinued the action as against him; but, not having done so, they could not question Brooke's right to appear and answer. The court below was therefore clearly right in ordering the plaintiffs to accept the appearance of Brooke and the answer interposed by him, and also in imposing costs of the motion against the defendants, they having refused to accept the appearance and answer of Brooke, and thus rendered a motion necessary.

The order appealed from was therefore right, and should be affirmed, with $10 costs and disbursements. All concur.